### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**MINNESOTA LIFE INSURANCE COMPANY**                        **PLAINTIFF**

**v.**                                      **CIVIL ACTION NO.** 1:26cv21 HSO-BWR

**JANET B. MILLER AND**
**CHELSEA MILLER**                                            **DEFENDANTS**

### COMPLAINT FOR INTERPLEADER

**COMES NOW** Plaintiff, Minnesota Life Insurance Company ("Minnesota Life"), pursuant to Rule 22 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1332, and submits its Complaint for Interpleader, and would show unto the Court the following:

### I.        JURISDICTION AND VENUE

1.        This cause is a civil action for interpleader governed by Rule 22 of the Federal Rules of Civil Procedure, as it involves persons with adverse claims for life insurance benefits under a policy of insurance issued by Minnesota Life, which is, or may be, exposed to multiple liability for death benefits on the life of Joseph R. Miller ("Mr. Miller" or "Decedent").

2.        This Court has jurisdiction pursuant to 28 U.S.C. § 1332 inasmuch as this civil action involves citizens of different states and the amount of life insurance benefits at issue exceeds $75,000.  The Court also has jurisdiction pursuant to 28 U.S.C. §1335 inasmuch as the value of the death benefits exceeds $500 and there is diversity between the adverse claimants.

3.        Pursuant to 28 U.S.C. § 1391, venue is proper in the Southern Division of Mississippi, as it is the judicial district in which one or more of the Defendants reside.

## II.   THE PARTIES

4.     Plaintiff Minnesota Life is a foreign insurance corporation organized and existing under the laws of the State of Minnesota, with its principal place of business in the State of Minnesota.

5.     Defendant Janet B. Miller ("Janet") is the mother of the Decedent, and she may be served at her residence at 2105 Bond Street, Apt. 621, Charlottesville, VA 22901.

6.     Defendant Chelsea Miller ("Chelsea") is the surviving spouse of the Decedent, and she may be served at her residence at 14734 Audubon Lake Blvd., Gulfport, MS 39503.

## III.   FACTUAL ALLEGATIONS & CAUSE OF ACTION IN INTERPLEADER

7.     Prior to his death, Mr. Miller was hired by the Mississippi State Hospital on August 16, 2023.

8.     As an employee of the State of Mississippi, Mr. Miller obtained Employee Term Life Insurance through the Mississippi State and School Employees' Life Insurance Plan under Group Policy Number 33683-G (the "Policy") issued by Minnesota Life. The Policy insured Mr. Miller's life for two (2) times the amount of his basic annual earnings, rounded to the next higher $1,000 if not an integral multiple of $1,000, subject to a minimum of $33,000 and a maximum of $100,000. A copy of the Policy is attached as Exhibit 1.

9.     On August 16, 2023, Mr. Miller executed a Beneficiary Designation, and he named his mother, Janet, as the primary beneficiary to receive 100% of the life insurance benefits, and he named his sister, Jennifer Ann Wobrock, as the contingent beneficiary. A copy of the Beneficiary Designation is attached as Exhibit 2.

10.     Upon information and belief, on September 23, 2025, Mr. Miller died as the result of asphyxiation due to carbon monoxide poisoning. Mr. Miller's death was ruled a suicide by the

Harrison County Coroner, and the death certificate noted that he had recent alcohol and cocaine intake. A copy of the Certificate of Death is attached as Exhibit 3.

11.     On October 1, 2025, the Mississippi Department of Finance and Administration ("DFA") submitted an eClaim to Minnesota Life, along with a notice advising the insurance company of Mr. Miller's death. The Notice of Death completed on September 26, 2025, by Dawn Clayton, Finance Director of the DFA Office of Insurance, indicated that Mr. Miller last worked on September 20, 2025, and his salary at that time was $38,120.63. The notice further advised that Mr. Miller had insurance coverage in the amount of $77,000. A copy of the Notice of Death is attached as Exhibit 4.

12.     On October 2 and October 24, 2025, Minnesota Life mailed letters to Janet at the address indicated on Mr. Miller's Beneficiary Designation and requested her to complete and return a beneficiary statement. The letters, however, were returned to sender on both occasions. Copies of the letters are attached hereto as Exhibits 5 and 6, respectively.

13.     On November 8, 2025, Chelsea made an eClaim to Minnesota Life for Mr. Miller's life insurance benefits. In support of the claim, she submitted a marriage certificate, a "draft" of the death certificate, her driver's license and an October 10, 2025, letter from the Department of Veteran Affairs Pension Intake Center regarding her entitlement to burial benefits and Mr. Miller's Veteran benefit for the month in which he died. A copy of the eClaim and supporting documentation is attached as Exhibit 7.

14.     On November 13, 2025, Minnesota Life wrote Chelsea and advised that correspondence had been sent to the named beneficiary of the Policy, and they would work with that person going forward. A copy of the letter is attached as Exhibit 8.

15.     Chelsea sent a second eClaim to Minnesota Life on November 13, 2025, formally contesting the beneficiary designation listed on the Decedent's beneficiary designation, and she requested that the funds be held until the issue was resolved. Chelsea informed Minnesota Life that she had retained an attorney, and he would be contacting the company. A copy of the November 13, 2025 eClaim is attached as Exhibit 9.

16.     On November 14 and December 5, 2025, Minnesota Life mailed letters to Janet at an updated address and requested her to complete and return a beneficiary statement. Copies of the correspondence are attached as Exhibits 10 and 11, respectively.

17.     On December 8, 2025, Chelsea submitted an email to Minnesota Life and again contested the beneficiary designation. In the email, Chelsea claimed that Mr. Miller was the legal guardian and financial provider for his three minor dependents, and he made the beneficiary changes "during a period of documented psychological deterioration prior to his suicide." A copy of the email and documentation submitted in support of her claim is attached as Exhibit 12.

18.     Due to Janet Miller's designation as beneficiary of the Policy and the competing claim of Chelsea Miller, there are competing claims to the insurance proceeds under the Policy. Therefore, Minnesota Life is justifiably uncertain as to whether any payment of the Policy benefits in accordance with the Designation of Beneficiaries would subject it to multiple and vexatious litigation. Minnesota Life is unable to ascertain, without hazard to itself, who is entitled to the subject benefits under the Policy and cannot pay the benefits without assuming the responsibility of determining doubtful questions of law and fact.

19.     Minnesota Life claims no beneficial interest in the Policy benefits, but is a mere stakeholder.

20. Minnesota Life has not in any respect colluded with any of the Defendants touching the matters in this action.

21. Minnesota Life is and has at all times been willing, ready, and able to pay the person or persons legally entitled to receive the Policy benefits and will deposit with the Clerk of the Court the Policy benefits as soon as the Court approves of said deposit.

22. Minnesota Life has been called upon to retain the undersigned attorneys for purposes of protecting its interest in prosecuting this action. Minnesota Life requests that an award be made out of the funds herein deposited into this Court to pay for reasonable attorney's fees, costs, and other expenses, which Minnesota Life is compelled to expend in the prosecution of this Complaint for Interpleader.

**WHEREFORE, PREMISES CONSIDERED**, Minnesota Life prays as follows:

(a) That process be issued to and served on the Defendants and that they be required to interplead and assert their respective claims to the subject funds paid into the registry of the Court and settle among themselves their rights or claims thereto.

(b) That the Policy benefits, plus interest, which will be deposited with the Clerk of the Court, be accepted into the registry of the Court to be held in an interest bearing account for future disbursement as adjudged by this Court.

(c) That the Court adjudicate said amount is the extent of Minnesota Life's liability to anyone with respect to the benefits of the Policy insuring Mr. Miller, the Deceased.

(d) That this Court issue an order of injunction, pursuant to Rule 22 of the Federal Rules of Civil Procedure, enjoining and restraining the Defendants, their agents, attorneys, successors, personal representatives, heirs, devisees, legatees, and assigns from asserting, instituting, or prosecuting any and all demands, claims, actions, or causes of action against

Minnesota Life, its agents, officers, trustees, employees, representatives, attorneys, successors, and assigns with regard to, pertaining to, or in any manner relating to or arising out of the subject insurance Policy in the funds related herein, and that in due course said Order of Injunction be made permanent.

(e)    That an award be made to Minnesota Life out of the subject funds deposited into this Court to pay for reasonable attorney's fees, costs, and expenses that Minnesota Life is compelled to expend in the prosecution of this Complaint for Interpleader.

(f)    That Minnesota Life be finally dismissed from this action with prejudice, and fully discharged from any further liability which in any manner may arise under the Policy and the funds held in this account, and that this Court shall adjudicate to the Clerk of this Court who shall disburse the subject funds deposited into the registry of this Court.

(g)    Minnesota Life prays for such other and further relief as this Court deems equitable and just.

This, the 21st day of January, 2026.

Respectfully submitted,

**MINNESOTA LIFE INSURANCE COMPANY**

BY:    _s/ Kelly D. Simpkins_____
Kelly D. Simpkins (MSB #9028)
Lana E. Gillon (MSB #9548}
Its Attorneys

6

**OF COUNSEL:**

**WELLS MARBLE & HURST, PLLC**
Kelly D. Simpkins (MSB #9028)
Lana E. Gillon (MSB #9548)
WELLS MARBLE & HURST, PLLC
300 Concourse Boulevard, Suite 200
Ridgeland, Mississippi 39157
Post Office Box 131
Jackson, Mississippi 39205-0131
Telephone:     (601) 605-6900
Facsimile:     (601) 605-6901
ksimpkins@wellsmarble.com
lgillon@wellsmarble.com                                    /# 296029