

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

MAR 31 2026

ARTHUR JOHNSTON
BY_____ DEPUTY

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRIC OF MISSISSIPPI
SOUTHERN DIVISION**

**MINNESOTA LIFE INSURANCE COMPANY**                                   **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 1:26cv21-HSO-BWR**

**JANET B. MILLER AND
CHELSEA MILLER**                                                      **DEFENDANTS**

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT CHELSEA MILLER

COMES NOW Defendant, Chelsea Miller, pro se, and files this her Answer to Plaintiff's Complaint for Interpleader, and states as follows:

### I. RESPONSES TO ALLEGATIONS

1. Defendant admits that this is an interpleader action but denies that Plaintiff is entitled to all relief requested.

2. Defendant admits that this Court has subject matter jurisdiction.

3. Defendant admits that venue is proper.

4. Defendant admits that Plaintiff is an insurance company but lacks knowledge as to the remaining allegations and therefore denies same.

5. Defendant admits that Janet B. Miller is the decedent's mother.

6. Defendant admits that she is the surviving spouse of Joseph Miller.

### FACTUAL ALLEGATIONS

7. Defendant admits that the decedent was employed by the State of Mississippi.

8. Defendant admits that a group life insurance policy existed but denies any characterization inconsistent with the governing policy terms.

9. Defendant admits that a document purporting to designate Janet B. Miller as beneficiary exists but denies that such designation is valid or legally effective.

10. Defendant admits that Joseph Miller is deceased.

11. Defendant admits that a claim was submitted but lacks sufficient knowledge as to the internal actions of DFA and therefore denies same.

12. Defendant admits that Plaintiff sent correspondence but denies any implication that Defendant Janet B. Miller properly perfected a claim.

13. Defendant admits that she submitted a claim for benefits.

14–17. Defendant admits that she contested the beneficiary designation and affirmatively states that said designation was invalid due to the decedent's mental condition and other legal deficiencies.

18. Defendant admits that competing claims exist.

19–22. Defendant admits that Plaintiff claims to be a stakeholder but denies that Plaintiff is entitled to attorney's fees or costs from the policy proceeds.

## II. CLAIM TO FUNDS

23. Defendant affirmatively states:

   a. That she is the lawful surviving spouse of Joseph Miller;

   b. That the purported beneficiary designation naming Janet B. Miller is invalid, void, and unenforceable;

   c. That the designation was executed during a period of mental instability and psychological deterioration, and/or without compliance with required procedures under the governing policy.

Accordingly, Defendant Chelsea Miller is entitled to 100% of the policy proceeds.

### III. AFFIRMATIVE DEFENSES

24. The decedent lacked the mental capacity to validly execute a beneficiary change at the time the designation was made.

25. The beneficiary designation was the result of undue influence and/or improper conduct.

26. The designation failed to comply with required procedures under the governing group policy.

27. The purported designation is ineffective under applicable Mississippi law and governing plan provisions.

28. Equity demands that the lawful spouse receive the proceeds.

29. Plaintiff is not entitled to attorney's fees from the policy proceeds, or such fees should be strictly limited.

### IV. RELIEF REQUESTED

**WHEREFORE, PREMISES CONSIDERED** Defendant respectfully requests:

A. That this Court determine she is the rightful beneficiary;

B. That all proceeds be awarded to her;

C. That Defendant Janet B. Miller take nothing;

D. That Plaintiff's request for attorney's fees be denied or reduced;

E. Any other relief deemed proper.

RESPECTFULLY SUBMITTED, this the 31st day of March, 2026.

Chelsea Miller
7948 Hapuna Place
Diamondhead, MS 39525
228-236-8388