**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**MINNESOTA LIFE INSURANCE COMPANY**                                      **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 1:26cv21-HSO-BWR**

**JENNIFER WOBROCK, AS ADMINISTRATOR
OF THE ESTATE OF JANET B. MILLER, AND
CHELSEA MILLER**                                                       **DEFENDANTS**

**AGREED ORDER DISCHARGING AND DISMISSING, AND
ENTERING FEDERAL RULE OF CIVIL PROCEDURE RULE 54(b)
FINAL JUDGMENT AS TO MINNESOTA LIFE INSURANCE COMPANY**

This cause having come before the Court on the unopposed motion of Minnesota Life

Insurance Company ("Minnesota Life") to discharge and dismiss it from this cause, with prejudice,

and for other relief, including attorney's fees, expenses and a permanent injunction, and the Court

being fully advised in the premises, hereby finds and adjudges as follows:

1.      On January 21, 2026, Minnesota Life filed its Complaint for Interpleader, pursuant

to 28 U.S.C. §§ 1332 and 1335 and Rule 22 of the Federal Rules of Civil Procedure. All Defendants

have been properly joined and served.

2.      On January 30, 2026, Minnesota Life filed an Amended Complaint for Interpleader

to further clarify diversity jurisdiction, pursuant to 28 U.S.C. § 1332, and jurisdiction under 28

U.S.C. § 1335.  (Doc. 6).

3.      This interpleader action involves life insurance benefits under Group Policy

Number 33683-G (the "Policy") issued by Minnesota Life to Joseph R. Miller, insuring his life for

two (2) times the amount of his basic annual earnings, rounded to the next higher $1,000 if not an

integral multiple of $1,000, subject to a minimum of $33,000 and a maximum of $100,000. (Doc.

6; Doc. 6-1).

4.      In his August 16, 2023, Beneficiary Designation, Mr. Miller named his mother, Janet Bailey Miller, as the primary beneficiary to receive 100% of the life insurance benefits, and he named his sister, Jennifer Ann Wobrock, as the contingent beneficiary. (Doc. 6-2).

5.      Mr. Miller died on September 23, 2025. (Doc. 6-3).

6.      On October 1, 2025, the Mississippi Department of Finance and Administration ("DFA") submitted an eClaim to Minnesota Life, along with a notice advising the insurance company of Mr. Miller's death. The Notice of Death completed on September 26, 2025, by the Finance Director of the DFA Office of Insurance indicated that at the time of his death, Mr. Miller had insurance coverage in the amount of $77,000. (Doc. 6-4).

7.      On October 2 and October 24, 2025, Minnesota Life mailed letters to Janet Miller at the address indicated on Mr. Miller's Beneficiary Designation and requested her to complete and return a beneficiary statement; however, the letters were returned to sender on both occasions. (Docs. 6-5 and 6-6).

8.      On November 8, 2025, Defendant Chelsea Miller ("Chelsea"), who is the surviving spouse of Mr. Miller, made an eClaim to Minnesota Life for his life insurance benefits. In support of the claim, Chelsea submitted a marriage certificate, a "draft" of the death certificate, her driver's license and an October 10, 2025, letter from the Department of Veteran Affairs Pension Intake Center regarding her entitlement to burial benefits and Mr. Miller's Veteran benefit for the month in which he died. (Doc. 6-7).

9.      On November 13, 2025, Minnesota Life advised Chelsea Miller that correspondence had been sent to the named beneficiary of the Policy. (Doc. 6-8).

10.     Chelsea Miller sent a second eClaim to Minnesota Life on November 13, 2025, formally contesting the beneficiary designation listed on Mr. Miller's beneficiary designation, and she requested that the funds be held until the issue was resolved. (Doc. 6-9).

11.     On November 14 and December 5, 2025, Minnesota Life mailed letters to Janet Miller at an updated address and requested her to complete and return a beneficiary statement. (Docs. 6-10 and 6-11).

12.     On December 8, 2025, Chelsea Miller emailed Minnesota Life, contesting the beneficiary designation and claiming that Mr. Miller was the legal guardian and financial provider for his three minor dependents, and he made the beneficiary changes "during a period of documented psychological deterioration prior to his suicide." (Doc. 6-12).

13.     After this action was instituted, Minnesota Life learned that Janet Miller had passed away. Accordingly, Minnesota Life filed a Suggestion of Death (Doc. 9) and a Motion to Substitute Jennifer Wobrock, Administrator of the Estate of Janet Miller, as Defendant. (Doc. 10), and the Court granted the motion.

14.     Minnesota Life is uncertain as to who is the proper recipient of the $77,000.00 of death benefits payable under and pursuant to the terms and conditions of the Policy. Therefore, Minnesota Life is justifiably uncertain whether paying the Policy benefits to Jennifer Wobrock, as Administrator of the Estate of Janet B. Miller, or to Chelsea Miller would prevent Minnesota Life from being subjected to multiple and vexatious litigation and/or liability at some point in the future.

15.     Minnesota Life is unable to ascertain without a hazard to itself who is legally entitled to the benefits in dispute. Minnesota Life cannot pay the same without assuming the responsibility of determining doubtful questions of law and fact.

16.     Minnesota Life claims no beneficial interest in the benefits under the Policy, but is a mere and disinterested stakeholder in this matter. Minnesota Life does not, in any respect, collude with any of the Defendants touching the matters in this action.

17.     Minnesota Life is and has at all times been willing, ready, and able to pay the person or persons legally entitled to recover the policy benefits, and on February 4, 2026, pursuant to the Court's Order, deposited with the Clerk of the Court $77,140.07, which is the entire amount of said funds for the Policy, plus applicable interest.

18.     Minnesota Life was called upon to retain the undersigned attorney for the purpose of protecting its interest in prosecuting this action. Minnesota Life requested in the Amended Complaint that an award be made out of the funds deposited into the registry of the Court to pay for reasonable attorney's fees, costs and other expenses, which Minnesota Life was compelled to expend in the prosecution of the Amended Complaint for Interpleader. The Defendants have agreed to payment of attorney fees and costs from the deposited funds in the amount of $7,350.30.

**IT IS THEREFORE ORDERED AND ADJUDGED** as follows:

A.     That Minnesota Life's Unopposed Motion [16] for Dismissal and for Attorney Fees and Expenses is **GRANTED**.

B.     That the Defendants are required to assert their respective claims to the subject funds paid into the Registry of the Court and settle among themselves their rights or claims thereto;

C.     That the sum of $77,140.07 previously interpleaded into the registry of the Court is the extent of Minnesota Life's liability to anyone with respect to the benefits of the Policy insuring Joseph R. Miller, deceased;

D.     That the Defendants, their agents, attorneys, successors, personal representatives, heirs, devisees, legatees, and assigns are hereby enjoined and restrained from asserting, instituting,

4

or prosecuting any and all demands, claims, actions, or causes of action against Minnesota Life, its agents, officers, trustees, employees, representatives, attorneys, successors, and assigns with regard to, pertaining to, or in any manner relating to or arising out of the Policy and insurance benefits described herein;

E.      That the Clerk of the Court is ordered to pay to Wells Marble & Hurst, as counsel for Minnesota Life, $7,350.30 from the funds deposited into the registry of the Court and to send said check to its attorney of record;

F.       That Minnesota Life has no further liability to anyone with respect to the benefits of the Policy insuring Joseph R. Miller, deceased;

G.      That Minnesota Life is fully and finally dismissed from this action with prejudice, and fully discharged from any further liability which in any manner may arise under the Policy, and the funds deposited into the registry of the Court; and

H.      That there is no just reason for delay and expressly directs the entry of a final judgment with prejudice as to Minnesota Life Insurance Company, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure,

SO ORDERED AND ADJUDGED, this the 7th day of May, 2026.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE

**APPROVED BY:**

s/ Kelly D. Simpkins
Kelly D. Simpkins (MSB #9028)
WELLS MARBLE & HURST, PLLC
300 Concourse Boulevard, Suite 200
Ridgeland, Mississippi 39157
Post Office Box 131
Jackson, Mississippi 39205-0131
Telephone:     (601) 605-6900
Facsimile:     (601) 605-6901
Email: ksimpkins@wellsmarble.com

*Attorney for Minnesota Life Insurance Company*

s/ Stephen W. Burrow
Stephen W. Burrow [MSB #9577]
HEIDELBERG, STEINBERGER, & BURROW, P.A.
711 Delmas Avenue
Pascagoula, MS 39567
Telephone:     (228) 762-8021
Facsimile:     (228) 762-7589
Email: sburrow@hs-lawfirm.com

*Attorney for Jennifer Wobrock, as Administrator of the Estate of Janet B. Miller*

s/ Michael D' Angelo
Michael D'Angelo, (MSB No. 106901)
MICHAEL D'ANGELO LAW, PLLC
114 Main St., Suite 103
Post Office Box 2165
Bay St Louis, MS 39521
Telephone:     (228) 596-3596
Email: michael@mdangelolaw.com

*Attorney for Chelsea Miller*

/# 297265

6