IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MINNESOTA LIFE INSURANCE COMPANY                                    PLAINTIFF

v.                                                CIVIL ACTION NO. 1:26cv21-HSO-BWR
                                                           JURY TRIAL DEMANDED

JENNIFER WOBROCK AS ADMINISTRATOR
OF THE ESTATE OF JANET B. MILLER
and CHELSEA MILLER                                                  DEFENDANTS

**ANSWER AND CROSSCLAIM OF**
**THE ESTATE OF JANET B. MILLER**

COMES NOW the separate Defendant, THE ESTATE OF JANET MILLER ("Estate") in

the above styled and numbered cause, by and through its attorney of record and files this Answer,

Affirmative Defenses to the Complaint and Crossclaim as follows:

ANSWER

1.      This cause is a civil action for interpleader governed by Rule 22 of the Federal

Rules of Civil Procedure, as it involves persons with adverse claims for life insurance benefits

under a policy of insurance issued by Minnesota Life, which is, or may be, exposed to multiple

liability for death benefits on the life of Joseph R. Miller ("Mr. Miller" or "Decedent").

**Response:      Admitted.**

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332 inasmuch as this civil

action involves citizens of different states and the amount of life insurance benefits at issue

exceeds $75,000. The Court also has jurisdiction pursuant to 28 U.S.C. § 1335 inasmuch as the

value of the death benefits exceeds $500 and there is diversity between the adverse claimants.

**Response:      Admitted.**

3.      Pursuant to 28 U.S.C. § 1391, venue is proper in the Southern Division of Mississippi, as it is the judicial district in which one or more of the Defendants reside.

**Response:     Admitted.**

4.      Plaintiff Minnesota Life is a foreign insurance corporation organized and existing under the laws of the State of Minnesota, with its principal place of business in the State of Minnesota. Therefore, it is a citizen of Minnesota.

**Response:     Admitted, based upon information and belief.**

5.      Defendant Janet B. Miller ("Janet") is the mother of the Decedent. She is an adult citizen domiciled in the State of Virginia, who may be served at her permanent residence at 2105 Bond Street, Apt. 621, Charlottesville, VA 22901.

**Response:     The Estate admits Janet Miller was the mother of the Decedent, who passed away after he died.  At the time of her death, Mrs. Miller was a resident of Virginia. Since her passing, an Estate has been opened in her name with her daughter, Jennifer Wobrock, acting as her Administrator. The remainder of Paragraph 5 is denied.**

6.      Defendant Chelsea Miller ("Chelsea") is the surviving spouse of the Decedent. She is an adult citizen domiciled in Hancock County, Mississippi, who may be served at her permanent residence at 7948 Hapuna Place, Diamondhead, MS 39525.

**Response:     The Estate admits Chelsea and the decedent were still married at the time of his death, despite a pending divorce action in Hancock County Chancery Court.**

7.      Prior to his death, Mr. Miller was hired by the Mississippi State Hospital on August 16, 2023.

**Response:     Admitted.**

8.      As an employee of the State of Mississippi, Mr. Miller obtained Employee Term Life Insurance through the Mississippi State and School Employees' Life Insurance Plan under Group Policy Number 33683-G (the "Policy") issued by Minnesota Life. The Policy insured Mr. Miller's life for two (2) times the amount of his basic annual earnings, rounded to the next higher $1,000 if not an integral multiple of $1,000, subject to a minimum of $33,000 and a maximum of $100,000. A copy of the Policy is attached as Exhibit 1.

**Response:      Admitted.**

9.      On August 16, 2023, Mr. Miller executed a Beneficiary Designation, and he named his mother, Janet, as the primary beneficiary to receive 100% of the life insurance benefits, and he named his sister, Jennifer Ann Wobrock, as the contingent beneficiary. A copy of the Beneficiary Designation is attached as Exhibit 2.

**Response:      Admitted.**

10.      Upon information and belief, on September 23, 2025, Mr. Miller died as the result of asphyxiation due to carbon monoxide poisoning. Mr. Miller's death was ruled a suicide by the Harrison County Coroner, and the death certificate noted that he had recent alcohol and cocaine intake. A copy of the Certificate of Death is attached as Exhibit 3.

**Response:      The Estate admits the decedent died on or about September 23, 2025. The Estate would show the death certificate speaks for itself.**

11.      On October 1, 2025, the Mississippi Department of Finance and Administration ("DFA") submitted an eClaim to Minnesota Life, along with a notice advising the insurance company of Mr. Miller's death. The Notice of Death completed on September 26, 2025, by Dawn Clayton, Finance Director of the DFA Office of Insurance, indicated that Mr. Miller last worked on September 20, 2025, and his salary at that time was $38,120.63. The notice further advised

that Mr. Miller had insurance coverage in the amount of $77,000. A copy of the Notice of Death is attached as Exhibit 4.

**Response:** **The Estate admits a Notice of Death submitted by the Department of Finance and Administration is attached to the Complaint, and otherwise speaks for itself.**

12. On October 2 and October 24, 2025, Minnesota Life mailed letters to Janet at the address indicated on Mr. Miller's Beneficiary Designation and requested her to complete and return a beneficiary statement. The letters, however, were returned to sender on both occasions. Copies of the letters are attached hereto as Exhibits 5 and 6, respectively.

**Response:** **The Estate admits letters are dated October 2 and October 24 are attached as exhibits to the Amended Complaint. However, the stated address in both letters is incorrect since at the time of her son's (and her own) death, Mrs. Miller resided at 2105 Bond Street, Apt. 621, Charlottesville, VA 22901. Otherwise the Estate lacks information or knowledge about the remainder of Paragraph 12 and therefore denies same.**

13. On November 8, 2025, Chelsea made an eClaim to Minnesota Life for Mr. Miller's life insurance benefits. In support of the claim, she submitted a marriage certificate, a "draft" of the death certificate, her driver's license and an October 10, 2025, letter from the Department of Veteran Affairs Pension Intake Center regarding her entitlement to burial benefits and Mr. Miller's Veteran benefit for the month in which he died. A copy of the eClaim and supporting documentation is attached as Exhibit 7.

**Response:** **The Estate admits documents purporting to be sent by Chelsea Miller are attached as exhibits to the Amended Complaint. However, the Estate lacks information or knowledge about the remainder of Paragraph 13 and therefore denies same.**

14.     On November 13, 2025, Minnesota Life wrote Chelsea and advised that correspondence had been sent to the named beneficiary of the Policy, and they would work with that person going forward. A copy of the letter is attached as Exhibit 8.

**Response:     The Estate admits a letter from the Plaintiff dated November 13, 2025 is attached as an exhibit to the Amended Complaint, and speaks for itself.**

15.     Chelsea sent a second eClaim to Minnesota Life on November 13, 2025, formally contesting the beneficiary designation listed on the Decedent's beneficiary designation, and she requested that the funds be held until the issue was resolved. Chelsea informed Minnesota Life that she had retained an attorney, and he would be contacting the company. A copy of the November 13, 2025 eClaim is attached as Exhibit 9.

**Response:     The Estate admits documents purporting to be sent by Chelsea Miller to the Plaintiff are attached as exhibits to the Amended Complaint.   However, the Estate lacks information or knowledge about the remainder of Paragraph 15 and therefore denies same.**

16.     On November 14 and December 5, 2025, Minnesota Life mailed letters to Janet at an updated address and requested her to complete and return a beneficiary statement. Copies of the correspondence are attached as Exhibits 10 and 11, respectively.

**Response:     The Estate admits letters are dated November 14 and December 5, 2025 are attached as exhibits to the Amended Complaint, which speak for themselves.**

17.     On December 8, 2025, Chelsea submitted an email to Minnesota Life and again contested the beneficiary designation. In the email, Chelsea claimed that Mr. Miller was the legal guardian and financial provider for his three minor dependents, and he made the beneficiary

changes "during a period of documented psychological deterioration prior to his suicide." A copy of the email and documentation submitted in support of her claim is attached as Exhibit 12.

**Response:    The Estate admits documents purporting to be sent by Chelsea Miller to the Plaintiff are attached as exhibits to the Amended Complaint.  The Estate denies the assertions made by Chelsea Miller in those documents about the decedent's state of mental health and his actions during his marriage to her.  Otherwise the Estate lacks information or knowledge about the remainder of Paragraph 17 and therefore denies same.**

18.    Due to Janet Miller's designation as beneficiary of the Policy and the competing claim of Chelsea Miller, there are competing claims to the insurance proceeds under the Policy. Therefore, Minnesota Life is justifiably uncertain as to whether any payment of the Policy benefits in accordance with the Designation of Beneficiaries would subject it to multiple and vexatious litigation. Minnesota Life is unable to ascertain, without hazard to itself, who is entitled to the subject benefits under the Policy and cannot pay the benefits without assuming the responsibility of determining doubtful questions of law and fact.

**Response:    The Estate denies there are (or should be) competing claims, as the decedent's beneficiary designation of his mother was valid, and no other valid claim exists to the proceeds of the insurance policy at issue.  The remainder of Paragraph 18 is denied as worded.**

19.    Minnesota Life claims no beneficial interest in the Policy benefits, but is a mere stakeholder.

**Response:    Admitted.**

20.    Minnesota Life has not in any respect colluded with any of the Defendants touching the matters in this action.

**Response:    Admitted based upon information and belief.**

21.    Minnesota Life is and has at all times been willing, ready, and able to pay the person or persons legally entitled to receive the Policy benefits and will deposit with the Clerk of the Court the Policy benefits as soon as the Court approves of said deposit.

**Response:    No response is required to this allegation, since the insurance policy proceeds have been deposited into the Court registry.**

22.    Minnesota Life has been called upon to retain the undersigned attorneys for purposes of protecting its interest in prosecuting this action. Minnesota Life requests that an award be made out of the funds herein deposited into this Court to pay for reasonable attorney's fees, costs, and other expenses, which Minnesota Life is compelled to expend in the prosecution of this Complaint for Interpleader.

**Response:    No response is required to this allegation, since the Court has already dismissed the Plaintiff and entered an award of attorney fees to it from the insurance proceeds held in the Court registry.**

23.    In the unnumbered paragraph beginning, WHEREFORE PREMISES CONSIDERED, the Estate would show the Plaintiff has already been granted the relief requested.

**Response:    No response is required to this allegation, since the Court has already dismissed the Plaintiff and entered an award of attorney fees to it from the insurance proceeds held in the Court registry.**

CROSS-CLAIM

Having answered the allegations of the Amended Complaint, comes now the ESTATE OF JANET B. MILLER ("Estate"), in the above styled and numbered cause, by and through its

attorney of record and pursuant to F.R.C.P. 13, files this Cross-claim against Chelsea Miller, as follows:

1.      At the time of her death, Janet B. Miller was an adult resident citizen of Virginia. The Estate of Janet B. Miller is currently pending in the State of Virginia, specifically Albemarle County Circuit Court (No. 2026-74).  Jennifer Wobrock is the duly appointed Administrator, c.t.a, [Doc. 10-1].

2.      Chelsea Miller is an adult resident citizen of Mississippi, who may be served through her counsel pursuant to F.R.C.P. 5.

3.      This Court has subject matter jurisdiction under (a) 28 U.S.C. § 1367(a) as these claims are so related to the claims initially asserted in this action, over which this Court has original jurisdiction, that they form part of the same case or controversy, and (b) 28 U.S.C. § 1332 as the action involves citizens of different states and the amount of life insurance benefits (at the time of filing) exceeded $75,000, and (c) 28 U.S.C. § 1335 as the amount of life insurance benefits exceeds $500, and the remaining claimants are adverse and of diverse citizenship.

4.      This Court has personal jurisdiction over the parties since the facts and circumstances giving rise to this action occurred, at least in part, in this District.

5.      Venue is proper in this Court pursuant to (a) 28 U.S.C. § 1391(b)(2) since a substantial part of the events or omissions giving rise to these claims occurred in this District or alternatively (b) 28 U.S.C. § 1391(b)(3).

6.      The Estate would show that certain life insurance proceeds are presently held in the registry of this Court.  The life insurance policy at issue insured the life of Joseph R. Miller.

7.      Mr. Miller was hired by the Mississippi State Hospital in August 16, 2023.  When he was hired on, Mr. Miller obtained Employee Term Life Insurance through the Mississippi State and School Employees' Life Insurance Plan.  The policy was issued by Minnesota Life.

8.      Upon becoming employed, Mr. Miller executed a Beneficiary Designation for the Minnesota Life policy.  He named his mother, Janet, as the primary beneficiary to receive 100% of the life insurance benefits, and his sister, Jennifer Wobrock as the contingent beneficiary. [Doc. 6-2].

9.      Mr. Miller died on or about September 23, 2025. [Doc. 6-3].

10.     Janet Miller survived her son, but later passed away on January 7, 2026. [Doc. 9].

11.     Jennifer Wobrock opened an estate for her mother in Albermale County Circuit Court in the State of Virginia, which remains pending. [Doc. 10].

12.     By virtue of the beneficiary designation, upon Mr. Miller's death, his mother, Janet Miller was entitled to receive the proceeds of the Minnesota Life policy.  Given her subsequent passing, and the opening of an estate in her name, Jennifer Wobrock in her capacity as the Administrator, c.t.a. for the Estate is the successor-in-interest and entitled to receive the balance of the Minnesota Life policy proceeds held in the registry of the Court.

WHEREFORE, PREMISES CONSIDERED, the Estate of Janet B. Miller respectfully requests this court grant her cross-claim against Chelsea Miller and enter a judgment awarding the Estate the remaining proceeds of the Minnesota Life insurance policy held in the registry of the Court.  The Estate requests any other relief to which it may be entitled at law or equity.

Respectfully submitted, this the 4th day of June 2026.

Jennifer Wobrock, as Administrator of the
Estate of Janet B. Miller

BY:    */s/Stephen W. Burrow*
          Stephen W. Burrow [MSB #9577]
          HEIDELBERG, STEINBERGER, & BURROW, P.A.
          711 Delmas Avenue
          Pascagoula, MS 39567
          T: 228-762-8021 • F: 228-762-7589
          Email: sburrow@hs-lawfirm.com

### CERTIFICATE OF SERVICE

I certify I have this day electronically filed the above and foregoing ***Answer and Cross-claim*** with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

SO CERTIFIED, this the 4th day of June 2026.

*/s/ Stephen W. Burrow*